IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUDSON SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) Case No. 19-cv-6293 ) |
| v. | ) Judge Robert M. Dow, Jr. ) ) |
| JAMES A. JOSEPH D.O. MEDICAL AND WELLNESS CENTER S.C., et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant James A. Joseph and Defendant Medical and Wellness Center's (collectively "Joseph")[1] motion to stay [27]. For the reasons set forth below, the motion is denied. As a matter of housekeeping, Plaintiff Hudson Specialty Insurance Company indicated in its most recent status report [36] that it may file an amended complaint. Plaintiff is given leave to file an amended complaint by July 10, 2020. Joseph is given until August 7, 2020 to respond to the amended complaint. The case is set for further status hearing on August 18, 2020 at 9:00 a.m.

**I.  Background**

This case arises out of alleged injuries sustained by the plaintiff in the underlying lawsuit, Bashair Daraghmeh, after receiving a cosmetic injection of Xeomin (the Daraghmeh Action).[2] Daraghmeh claims that Defendant Eman Zeidan negligently injected the Xeomin, causing

---

[1] The instant case names Joseph's company, Medical and Wellness Center, as a defendant. For simplicity's sake, the Court refers to them collectively as Joseph. There are also several other defendants in both the underlying action and the instant case who have not joined in the instant motion.

[2] The underlying action, *Daraghmeh v. Vasylionis*, No. 2017 L 13224, remains pending in Cook County Circuit Court. As of May 18, 2020, this suit remains set for trial in November 2020.

blindness in one eye. Daraghmeh also brings a negligent hiring claim against Defendant Dr. James Joseph, claiming that he failed to conduct due diligence before he brought Zeidan on board as a contractor. Daraghmeh claims that Zeidan lied on her job application, in that she is not a resident nurse as she claimed. According to Daraghmeh, Joseph's failure to figure this out was negligent.

Plaintiff here, Hudson Specialty Insurance Group, filed a complaint in this Court seeking rescission of an insurance policy it entered into in July 2017 with Joseph. Plaintiff claims that the policy must be rescinded because Joseph made material misrepresentations in his policy application as to procedures he had in place for vetting employees and contractors (Count I). In the alternative, Plaintiff seeks a declaration that the underlying claim is not covered because: (a) the policy excludes this claim as Joseph was aware of the botched injection before applying for the policy (Count V); (b) public policy forbids reimbursement for "known losses" such as this (Count VI); (c) the policy excludes claims arising from medical procedures performed by unlicensed persons (Count VII).

Before the Court is Defendant's motion to stay [27] proceedings pursuant to *Maryland Cas. Co. v. Peppers*, 64 Ill.2d 187 (1976).

**II.     Legal Standard**

As discussed below, Plaintiff raises doubts as to whether this Court is bound by *Peppers* and its progeny. The issue, however, was only cursorily briefed by both parties. Accordingly, the Court examines the motion to stay under both the standard framework used by federal courts and Illinois's *Peppers* doctrine. At present, Joseph's motion fails under both tests, so the Court need not broach the conflict of laws issues raised by Plaintiff.

2

### A. Motion to Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The party requesting a stay bears the burden of showing that the circumstances justify" it. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In deciding whether to enter such a stay, courts consider the following factors: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court." *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009) (citation omitted). "[I]f there is even a fair possibility that the stay * * * will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255.

### B. The *Peppers* Doctrine

Illinois courts have held that declaratory complaints regarding insurance coverage are premature when they present for decision in the coverage action any "ultimate facts" that otherwise would be resolved in the pending underlying liability case. *Peppers*, 64 Ill.2d 187, 196–97. See also *State Farm Fire & Cas. Co. v. Shelton*, 176 Ill. App. 3d 858, 863, (1st Dist. 1988) ("Illinois case law holds that when a declaratory judgment court is asked to declare whether an insured's conduct is covered under a policy, it must not determine disputed factual issues that are crucial to the insured's liability in the underlying personal injury lawsuit."). Under this so-called "prematurity doctrine," declaratory judgment should not be used to force the parties to an injury action "to have a dress rehearsal of an important issue expected to be tried in the injury action." *Shelton*, 176 Ill. App. 3d at 865 (citation omitted). At the same time, the *Peppers* doctrine does not

preclude declaratory judgments on issues that do not decide an ultimate fact in the underlying case. *Twin City Fire Insurance Company v. Law Office of John S. Xydakis, P.C.*, 407 F. Supp. 3d 771, 778–779 (N.D. Ill. 2019) (collecting Illinois cases).

### III. Analysis

Joseph seeks to stay the present action under the *Peppers* doctrine, arguing that the relevant facts here (Joseph's vetting protocols) speak to a contested ultimate fact in the underlying action (his negligence in hiring Zeidan). Plaintiff counters that (a) *Peppers* does not require staying the action at this early stage, where Joseph has not even alleged that any facts before this Court are in dispute; (b) in the alternative, the declaratory judgment counts should not be stayed, as they will not require the determination of any disputed fact related to the Daraghmeh Action; (c) Indiana, as opposed to Illinois law, governs the insurance policy, so *Peppers* is not controlling; and (d) *Peppers* does not even apply to lawsuits asking for rescission.

First, Defendants' motion regarding Count I is denied as premature. *Peppers* prevents the Court from adjudicating the "ultimate" facts in a pending merits action or determining "*disputed* factual issues that are critical to * * * liability." *Shelton*, 176 Ill. App. 3d at 865 (emphasis added). Here, the relevant ultimate fact in the Daraghmeh Action will be whether Joseph negligently vetted Zeidan. The contested insurance policy, however, does not discuss negligence per se. Rather, Joseph's insurance is (allegedly) subject to rescission if one of three conditions was true in July 2017: (a) Joseph failed to consistently vet independent staff; (b) Joseph failed to periodically vet independent staff; (c) Joseph did not have a credentialing process in place to verify staff's qualifications. These factors may be relevant to determining Joseph's liability in the Daraghmeh Action, but they are not coterminous with it and are therefore not ultimate facts. See *Fremont Compensation Ins. Co. v. Ace-Chicago Great Dane Corp.*, 304 Ill. App. 3d 734, 742–43 (1st Dist.

4

1999) ("[A]n ultimate fact is one which would estop the plaintiff in the underlying case from pursuing one of his theories of recovery.") (quotation marks and citation omitted).

The facts here are also not currently in dispute: Joseph has yet to answer the complaint and has heretofore studiously avoided addressing any of the specific facts that will be at issue in this litigation. Compare, *e.g.*, [30 at 3 ("[T]he allegations against [Joseph] *in the underlying case* are contested." (emphasis added)]; with *Lexington Ins. Co. v. Board of Educ. of Lake Forest Community High School Dist. 115*, 2012 WL 74778, at *2 (staying case when defendant explained, after answering the complaint, that two specific facts relevant to the underlying case were disputed); *cf.* also *TIG Ins. Co. v. Canel*, 389 Ill. App. 3d 366, 374 (1st Dist. 2009) (trial court did not abuse its discretion by staying case pursuant to *Peppers* after the answer identified which facts were contested). Obviously, if Joseph does not dispute Plaintiff's allegations, then this Court would not be stepping on the trial court's toes by entertaining and ruling on a summary judgment motion concerning uncontested facts.[3] Because Joseph's arguments continue to leave that door open, a stay is not warranted at his juncture.[4] And, balancing the equities, the Court concludes that Joseph has not met his burden in demonstrating that a stay is warranted—indeed, because negligence and the facts at issue here are not coterminous, there would not be any judicial economy

---

[3] Joseph further claims that he should not be made to admit anything in this litigation, lest he be precluded from contesting an admitted fact in the Daraghmeh Action or have his admission used against him. These arguments are perplexing to say the least. Either the facts are in dispute (in which case a stay is warranted under *Peppers*), or they are not. And when Joseph is asked pointed questions about his vetting practices, his answers should not depend on the case caption. To be clear, *Peppers* at most requires a stay when a factual issue relevant to the underlying case is disputed—but a stay is not warranted when the concern is that a party will have to admit that there are no disputed facts.

[4] Moreover, based on the underlying case's current timeline (projecting a trial at the end of this year), it seems extremely unlikely that this Court will actually be asked to *adjudicate* or *determine* anything before the Daraghmeh trial wraps up. See *TIG Ins. Co. v. Canel*, 389 Ill. App. 3d 366, 373–75 (1st Dist. 2009) (reviewing *Peppers* and its progeny, and explaining that *Peppers* only bars premature "resolution" of contested issues in the declaratory case, though a district court does not abuse its discretion in staying a case after an answer is filed).

in waiting the underlying litigation out. Likewise, even if Joseph prevails at trial, the instant insurance dispute will still be a live controversy.

Second, Defendants' motion with regards to Counts V, VI, and VII is denied. Illinois courts have allowed partial stays under *Peppers* where alternative claims do not rest on disputed facts. See *Landmark American Ins. Co. v. NIP Group, Inc*, 356 Ill. Dec. 877, 894–95 (Ill. App. Ct. 2011). The allegations in Counts V and VI (related to whether Joseph knew of the botched injection before applying for the policy) do not go to the underlying issues of Joseph's supposed hiring blunders, and therefore there is no *Peppers* problem. *Xydakis*, 407 F. Supp. 3d at 779. And Joseph does not contest that Zeidan is not a registered nurse, see generally [30], meaning that there is no *Peppers* problem for Count VII either. *Shelton*, 176 Ill. App. 3d at 863.

Balancing the equities, the Court comes to the same conclusion. Piecemeal discovery may not be the most efficient option (assuming Joseph can successfully renew his motion regarding Count I), but neither is unnecessarily delaying what should be fairly straightforward fact-finding regarding who knew what when. Given that it has been almost three years since Joseph submitted the policy application at issue here, Plaintiff could be prejudiced by further delaying discovery on this critical point, and Defendants' motion hardly makes out a clear case of hardship if a stay is not granted. See *Landis*, 299 U.S. at 255. Allowing discovery into Joseph's cognizance of the brewing Daraghmeh Action is especially appropriate here, because discovery into that issue is unlikely to have been collected in the underlying action. Moreover, as above, Plaintiff may have to litigate these issues regardless of whether Joseph prevails in the Daraghmeh Action.

Before the parties can proceed, however, a bit of housekeeping is in order. Since Plaintiff filed its complaint in this case, the Daraghmeh plaintiff amended her complaint in the underlying lawsuit. Plaintiff has indicated its interest in amending its complaint here to better reflect the

nuances of the underlying action. [36.] This makes sense and should assist the parties in moving forward more efficiently with this litigation. Accordingly, Plaintiff is given leave to file an amended complaint by July 10, 2020; Joseph is given until August 7, 2020 to respond to the amended complaint.

Joseph may also renew his motion as to Count I at the very least after an answer has been filed, assuming that he intends to dispute any of the facts discussed above (or any new facts that are presented in the forthcoming amended complaint).[5] Upon such a renewal, however, all parties should be prepared to discuss two choice of laws issues. First, is the *Peppers* doctrine substantive state law such that a federal court sitting in diversity must apply it pursuant to *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), and its progeny? Second, assuming that *Erie* would require applying *Peppers* in some circumstances, which state's law applies here? That is, under Illinois choice of law rules, see *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941), would *Peppers* apply in a dispute arising under an insurance policy formed under another state's law? If not, under which state's law was the instant policy formed?

## IV. Conclusion

For the reasons set forth above, Defendant Joseph's motion to stay [27] is denied. Plaintiff is given leave to file an amended complaint by July 10, 2020. Joseph is given until August 7, 2020 to respond to the amended complaint. This case is set for further status hearing on August 18, 2020 at 9:00 a.m.

---

[5] The Court need not address Plaintiff's additional alternative theory that *Peppers* does not apply to rescission actions (or, put more accurately, that Joseph has not demonstrated that *Peppers* applies to rescission actions). That said, such a reading seems to contravene the stated rationale for the *Peppers* doctrine, which is to avoid duplicative litigation. See *Shelton*, 176 Ill. App. 3d at 865.

Dated: June 8, 2020

_____
Robert M. Dow, Jr.
United States District Judge